## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v. STEPHEN RAYMOND, APPELLANT.

*Criminal law — conviction of a second offense — increased punishment provided for by section 688 of the Penal Code — to what cases it applies.*

Under section 688 of the Penal Code, providing for the punishment of persons convicted of a second offense, any person who has been convicted of a felony within this State, who thereafter is convicted of the commission of any crime therein, is to be punished as follows: If the second offense is such as that, upon a first conviction of it, he *might* be punished, *in the discretion of the court*, by imprisonment for life, he *must* be sentenced to imprisonment for life. If the second offense is such as that, upon a first conviction of it, he might be punished by imprisonment for any term less than his natural life, he *must* be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term, prescribed upon a first conviction. (DAVIS, P. J., dissenting.)

As the punishment prescribed by the said section is only to be inflicted upon those who commit offenses after its passage, it is not void as an *ex post facto* law, although the punishment is increased by reason of offenses committed prior to its passage.

In October, 1883, the defendant was convicted of the crime of forgery in the first degree. It was charged in the indictment and proved that in 1877 he had been convicted of forgery in the third degree. Under the Revised Statutes the punishment for forgery in the third degree was imprisonment for a term not exceeding five years, and for forgery in the first degree imprisonment for a term not less than ten years. The punishments prescribed by the Penal Code for these offenses was the same.

*Held*, that the court had no discretion as to the sentence to be imposed, but was bound, by section 688 of the Penal Code, to sentence the defendant to imprisonment for life. (DAVIS, P. J., dissenting.)

APPEAL from a judgment of the Court of General Sessions of the city of New York convicting the defendant of the offense of forgery in the first degree, upon which conviction he was sentenced to be imprisoned in the State prison for life.

*James Johnston,* for the appellant.

*Peter B. Olney,* for the respondent.

BRADY, J.:

The defendant was convicted in the Court of General Sessions, in October, 1883, of the crime of forgery in the first degree, as a second offense, under section 688 of the Penal Code. It was charged in the indictment that the defendant, in March, 1877, pleaded guilty to the commission of a felony and was sentenced to five years' imprisonment. The first offense was forgery in the third degree, the extreme penalty of which under the Revised Statutes was imprisonment for a period not exceeding five years. (3 R. S. [6th ed.], 946.) Under the Penal Code the punishment of forgery in the third degree is the same. (Sec. 525.) The punishment of forgery in the first degree, under the Revised Statutes (see page above indicated), was imprisonment in the State prison for a term not less than ten years, and it might be for life. Under the Code the punishment is the same. (Sec. 523.) In reference to the punishment for a second offense, the provisions of 3d Revised Statutes (6th ed., p. 989, § 8) declare that if a person shall be subsequently convicted of an offense, which upon a first conviction would be punishable by imprisonment in the State prison for a term exceeding five years, he should be punished by imprisonment in a State prison for a term not less than ten years, and that if the subsequent offense be such that upon a first conviction the offender would be punished by imprisonment in a State prison for five years or any less term, then the person convicted should be punished by imprisonment in a State prison for a term not exceeding ten years.

The Penal Code went into effect on the 1st of December, 1882. By section 688 it is provided that if the subsequent crime is such that upon the first conviction the offender might be punished in the discretion of the court by imprisonment for life, he must be sentenced to imprisonment in the State prison for life. And by

subdivision two, if the subsequent crime is such that upon a first conviction the offender would be punished by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term prescribed upon a first conviction.

The appellant upon his conviction was sentenced to imprisonment for life, and the question presented upon this appeal, and indeed it is the only question that requires consideration, is whether the punishment inflicted was justified by existing statutes. The proposition that the Penal Code is *ex post facto* in reference to the offense of which the appellant was convicted cannot be maintained, though at first blush there seems to be some force in it. But upon reflection it is quite apparent that it has no strength. The legislature have the right to declare the punishment for a stated offense. They have done so by the Penal Code. It is substantially that if a person who has been convicted within this State of a felony, commits any crime within this State, he is punishable upon conviction of such second offense in the manner indicated ; that is to say, if the second offense is such that upon a first conviction of it he might be punished, in the discretion of the court, by imprisonment for life, he must be sentenced to imprisonment in the State prison for life for such subsequent crime. If the appellant, therefore, had been convicted either under the Revised Statutes or under the Penal Code of the offense of forgery in the first degree, inasmuch as he might be punished by imprisonment for life, he must, under the provisions of the Code, be sentenced to imprisonment in the State prison for life. If the section which contains these provisions, namely, section 688, before alluded to, required that the subsequent crime should be similar in degree to the first offense, there might be some reason to declare in this case that as the first offense was one which was not punishable in the discretion of the court by imprisonment for life, the sentence was erroneous. But such is neither the letter nor the spirit of the law, the declaration being, as already suggested, that if any person convicted of a felony within this State commits any crime, then he may be punished as indicated in the section.

There is no imposition of any punishment for the first offense, but an increased punishment for a second offense of a felony, what-

ever that felony may be, if within the provisions of the statute. In other words the statute is substantially this: A person who has been convicted of a felony within this State, who commits any crime within this State, shall be punished as follows: If the second offense is such that upon a first conviction of it he might be punished, in the discretion of the court, by imprisonment for life, he must be sentenced to imprisonment for life. This feature of the statute is a method of regulating and determining the extent of the sentence for the second offense, which is increased when a previous felony is shown to have been committed by the accused. The statute embraces any felony, the design evidently being to punish severely for a second felony, and to declare absolutely the punishment by abrogating the discretion as to the term which might otherwise be designated. In sentencing for the second offense the discretion does not exist therefor.

In the consideration of this question it must not be forgotten that the offense of which the prisoner was convicted was committed after the Penal Code went into effect, and therefore he is not punished under the Code for an act committed before it went into effect. The legislature, in determining what punishment should be inflicted for the commission of forgery in the first degree, have declared that the maximum shall be imposed in cases where the crime is a second offense though not of the same degree as the first.

For these reasons we think the judgment should be affirmed.

Daniels, J., concurred; Davis, P. J., dissented.

Judgment affirmed.